## IN THE UNITED STATES DISTRICT COURT OF KANSAS

| | |
|---|---|
| NICOLE LEE BOSTWICK ) | |
| 3520 W. 22nd Street, Apt. A-1 ) | Case No. |
| Lawrence, KS 66044 ) | |
|     Plaintiff ) | |
| ) | Designation of Trial: Kansas City, KS |
| v. ) | |
| ) | |
| GENERAL DYNAMICS ) | |
| INFORMATION TECHNOLOGY a/k/a ) | |
| GENERAL DYNAMICS ) | |
| INFORMATION TECHNOLOGY, INC. ) | |
| ) | |
| **SERVE REGISTERED AGENT:** ) | |
|     The Corporation Company, Inc. ) | |
|     112 SW 7th Street, Suite 3C ) | |
|     Topeka KS 66603 ) | |
|     Defendant ) | |

## **COMPLAINT**

R. Kip Elliot, #17663KS, Disability Rights Center of Kansas, 214 S.W. 6th Ave., Ste. 1100, Topeka, KS 66603, (785)273-9661, (785)273-9414 (fax), kip@drckansas.org.

PLAINTIFF, NICHOLE LEE BOSTWICK, by and through undersigned counsel files this Complaint against GENERAL DYNAMICS INFORMATION TECHNOLOGY a/k/a GENERAL DYNAMICS INFORMATION TECHNOLOGY, INC.

    1.    This is an action brought to remedy discrimination on the basis of disability, discrimination based on sexual harassment and gender, and retaliation.

## **PARTIES**

    2.    Plaintiff is an adult resident of Lawrence, Douglas County, Kansas at the address more fully set forth above.

    3.    General Dynamics Information Technology (GDIT), is a foreign corporation, having its principal office in 3211 Jermantown Road, Fairfax, VA 22030. GDIT has a Kansas Registered Agent, The Corporation Company, Inc., 112 SW 7th Street, Suite 3C, Topeka, KS

66603.  At all times relevant to the allegations set forth in this Complaint, GDIT operated a call center in Lawrence, Douglas County, Kansas.  GDIT continues to operate in Kansas.

## JURISDICTION AND VENUE

4. Plaintiff's causes of action for discrimination and retaliation are based on The Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq.*; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) *et seq.;* and the Kansas Act Against Discrimination (KAADS), K.S.A. 44-1001 *et seq.*

5. Plaintiff is seeking damages in excess of $75,000, exclusive of interests, costs and attorney fees.

6. GDIT no longer operates the call center in Lawrence, Kansas, however, it continues to operate businesses in Kansas.

7. Plaintiff filed her charge of discrimination, on or about December 4, 2018 with the Office of Federal Contract Compliance Programs, U.S. Department of Labor. EEOC investigated the complaints and issued a Dismissal and Notice of Rights, mailed on August 14, 2019. (Attachment A).  Plaintiff received the notice on August 16, 2019.  Plaintiff has filed suit within 90 days of receiving the notice of right to sue.

8. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331.

9. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTS COMMON TO ALL COUNTS

11. Plaintiff Bostwick, began working for Defendant GDIT in October 2014 as a customer service representative (CSR); was promoted to Quality Specialist in July 2015; and was promoted to supervising CSRs in July 2016.

12. In October 2018, GDIT sold its CMD CCO contract, which included the call center in Lawrence, Kansas to Maximus Federal Services, effective November 16, 2018. Plaintiff Bostwick continues to work for Maximus in Lawrence.

13. All allegations complained of in this Complaint occurred during Plaintiff Bostwick's employment with GDIT.

14. Plaintiff Bostwick married Cherish Bostwick in January 2017.

15. Cherish Bostwick also worked for GDIT and continues to work for MAXIMUS, however, the Bostwicks worked in and continue to work in different departments.

**Sexual and workplace harassment**

16. Plaintiff Bostwick began experiencing sexual and workplace harassment in November 2016 when a supervisor slapped her hand.

17. In January 2017, Plaintiff Bostwick spoke to a supervisor, Dale Hoffman, about changing her last name after her marriage to Cherish Bostwick. Hoffman made inappropriate sexual comments to, including, "Everyone should try gay sex sometime … We (Plaintiff Bostwick and Cherish) should try a thigh strap … I hoped my daughter was a lesbian."

18. Plaintiff Bostwick filed an ethics complaint against Hoffman. Plaintiff Bostwick met with Mary Green, Human Resources, in June 2017 to release Hoffman's name and informed Green about the statements Hoffman made to her.

3

19. In September 2017, Plaintiff Bostwick had a meeting with Harry "Lee" Lydick in his office. Lydick was speaking aggressively to Plaintiff Bostwick and she told him that she didn't appreciate him speaking to her in that manner. Lydick moved towards Plaintiff Bostwick and got close to her face and told her he was going to write her up.

20. In August 2018, Plaintiff Bostwick was requesting a shift change to accommodate her therapy sessions. She was offered a 10 hour (Friday, Saturday, Sunday shift) that would place her under the supervision of Hoffman and/or Lydick.

21. On September 13, 2018, Rick Schmidt, a supervisor, told Plaintiff Bostwick and another supervisor, that "I'm liking the wagon that you're dragging" while they were walking by Schmidt. Previously, in April 2018, Schmidt had placed a homemade massager on Plaintiff Bostwick's back and turned it on. Plaintiff Bostwick filed an ethics report with Millicent Clegg on September 27, 2018.

22. Plaintiff Bostwick had a conflict with another manager, Khadine Kisson, over two separate employees. These conflicts were documented with supervisors and human resources. On September 29, 2018, Plaintiff Bostwick was notified that Ms. Kisson would become Plaintiff Bostwick's manager creating high stress and anxiety for Plaintiff Bostwick.

23. Plaintiff Bostwick continued to be subjected to encounters with some of the men who had sexually harassed her on a daily basis.

**Reasonable accommodation requests**

24. In January 2018 Plaintiff Bostwick attempted suicide and was hospitalized.

25. Plaintiff Bostwick experience numerous problems with reasonable accommodation requests after being hospitalized.

26.     On January 31, 2018, Plaintiff Bostwick submitted a Workplace Accommodation Request (WPA) to allow her to attend outpatient therapy. Her request included a schedule change to work Monday through Fridays, 6:30am to 3:00pm (Plaintiff Bostwick's regularly schedule hours were 8:00a.m. to 4:30p.m.), up to 8 hours of time off per week as needed with no negative impact on attendance.

27.     GDIT only approved the 8 hours of time off per week. Plaintiff Bostwick began experiencing increased symptoms and was forced to take four weeks of leave beginning March 26, 2018 to undergo intensive partial inpatient treatment program.

28.     On April 26, 2018, Plaintiff Bostwick was offered a position as a Quality Specialist, which would have been a decrease in pay. Plaintiff Bostwick was told her shift accommodation would not be available at her current position. During this conversation, Plaintiff Bostwick learned that her disability information was inappropriately shared with another employee.

29.     When Plaintiff Bostwick returned to work she submitted a WPA request for intermittent leave on April 30, 2018 for up to 16 hours per week and a shift change to accommodate therapy sessions.

30.     Plaintiff Bostwick was approved for 8 hours of leave per week that would not negatively impact her attendance record on June 8, 2018.

31.     On June 14, 2018, Plaintiff Bostwick was "offered" a CSR position which, again, was a demotion as well as a decrease in pay. Plaintiff Bostwick did not accept the offer.

32.     Plaintiff Bostwick experienced numerous problems with her timecard being rejected and not being allowed to record her WPA hours as Approved Time Off (ATO) which would not affect her benefits. Other employees were allowed to record WPA hours as ATO

(Approved Time Off).  Plaintiff Bostwick had to do PTO (Personal Time Off effecting her benefits).

33. Plaintiff Bostwick also requested accommodations for physical disabilities, including sacroiliac joint pain and scoliosis.  The request was made in August 2018 and was approved, however, the accommodations were not provided for several months.

34. Many of Plaintiff Bostwick's reasonable accommodation request were not responded to in a timely manner, and some, denied.  Plaintiff Bostwick was forced to take short term disability and lose 30% of her income as well as benefits because of the denial or untimeliness of the requests.

## COUNT I

### Violations of the Americans with Disabilities Act (ADA)

35. Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs 1-34 as though fully set forth herein.

36. Under the ADA, it is unlawful for covered employees to "discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other, conditions, and privileges of employment."  42 U.S.C. § 12112(a); 29 C.F.R. § 1630.4.

37. Under the ADA, prohibited discrimination includes failing to provide a reasonable accommodation and failing to provide a reasonable accommodation in a timely manner.

38. The reasonable accommodation element of the ADA imposes a duty upon employers to engage in a flexible, interactive process with the employee needing accommodation to enable the employee to continue working.

39. Plaintiff Bostwick was an individual with a disability within the meaning of the ADA at all times relevant to this lawsuit.

40. Plaintiff Bostwick suffered from PTSD, depression, anxiety and physical disabilities. All were known by her employer. The Defendant also regarded the plaintiff as disabled.

41. Plaintiff Bostwick, without regard to the ameliorative effects of mitigating measures, was substantially limited in major life activities.

42. Plaintiff Bostwick is a "qualified" individual with a disability and was able to perform the essential functions of her job with or without accommodations.

43. Defendants were covered employers under the ADA, as it employed more than fifteen employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year.

44. Defendants discriminated against Plaintiff Bostwick on the basis of her disability by failing to provide a reasonable accommodations or failing to provide reasonable accommodations in a timely manner.

45. Defendants discriminated against Plaintiff Bostwick on the basis of her disability by failing to engage in an interactive process with her to consider possible reasonable accommodations for her disability.

46. As a result of Defendants' unlawful actions, Plaintiff Bostwick has been injured, including but not limited to, lost pay, lost benefits, and emotional and physical distress and suffering.

47. Through the actions set forth in the foregoing paragraphs, Defendants intentionally discriminated against Plaintiff Bostwick, all in violation of the ADA.

48. As a result of the above mentioned discrimination, Plaintiff was damaged and is entitled to all remedies available to her as provided by the ADA.

49. Plaintiff Bostwick requests that the Court grant her judgment against Defendants and award Plaintiff Bostwick lost pay, lost benefits, compensatory damages, attorney's fees and costs, including expert witness' fees, and such other and further relief as this Court deems just and proper.

## **COUNT II**

### **Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*  Discrimination Based on Sexual Harassment and Gender**

50. Plaintiff Bostwick incorporates by reference the allegations contained in the foregoing paragraphs 1-49 as though fully set forth herein.

51. At all times relevant Plaintiff Bostwick's co-workers taunted her regarding her sexuality, engaged in sexual discussions and inappropriate touching.

52. Plaintiff Bostwick complained of sexual harassment by her co-workers.

53. The conduct of Defendant in acquiescing to the sexual harassment and gender-based hostile work environment by Plaintiff Bostwick's co-workers altered Plaintiff's employment circumstances and created a hostile employment environment.

54. The Defendant knew Plaintiff Bostwick's co-workers were engaged in sexual harassment and failed to rectify the hostile employment environment, causing her to suffer extreme emotional distress, mental health issues and physical issues.

55. Plaintiff Bostwick has suffered and continues to suffer PTSD, depression, and anxiety due to the actions and inaction of Defendant. In addition, as a result of Defendant's acts and omissions as described above, Plaintiff has suffered emotional harm and mental anguish.

56. Plaintiff Bostwick claims compensatory damages for medical expenses, emotional

harm, mental anguish, attorney's fees and costs pursuant to § 102 of the Civil Rights Act of 1991.

## COUNT III

### Violation of 42 U.S.C. § 2000e *et seq. and* 42 U.S.C. § 12101 *et seq.*
### Retaliation

57.     Plaintiff Bostwick incorporates by reference the allegations contained in the foregoing paragraphs 1-56 as though fully set forth herein.

58.     Despite Plaintiff Bostwick's complaints, protests, and opposition to management officials about the discriminatory conduct alleged herein, such behavior continued and escalated in retaliation of Plaintiff's complaints.

59.     Defendant's failure to provide reasonable accommodations or failure to provide reasonable accommodations in a timely manner; and failure to properly record time off resulting in lost benefits was in retaliation for Plaintiff Bostwick's complaints of sexual harassment and a hostile work environment.

60.     As a direct and proximate result of Defendant's unlawful treatment of Plaintiff Bostwick, compensatory damages, attorney's fees and costs, including expert witness' fees, and such other and further relief as this Court deems just and proper.

## COUNT IV

### Violations of the Kansas Act Against Discrimination

61.     Plaintiff Bostwick incorporates by reference the allegations contained in the foregoing paragraphs 1-60 as though fully set forth herein.

62.     Under the Kansas Act Against Discrimination (KAAD), K.S.A. 44-1001*et seq.* it is unlawful for covered employees to discriminate against individuals in employment relations by reason of a disability.

63. KAAD requires employers to provide reasonable accommodations, including appropriate adjustment or modifications of policies.

64. Defendants were and are covered employees under KAAD.

65. Plaintiff Bostwick was and is an individual with a disability under KAAD.

66. Defendants failed to provide Plaintiff Bostwick with reasonable accommodations or timely reasonable accommodations in violation of KAAD.

67. As a result of Defendants' unlawful actions, Plaintiff Bostwick has been injured, including but not limited to, lost benefits and emotional and physical distress and suffering.

68. As a result of the above mentioned discrimination, Plaintiff was damaged and is entitled to all remedies available to her as provided by the KAAD.

WHEREFORE, the Plaintiff prays that this Court enter judgment for the Plaintiff and against the Defendant at set forth above.

BY: /s/R. Kip Elliot
R. Kip Elliot KS#17663
Disability Rights Center of Kansas
635 S.W. Harrison, Suite 100
Topeka, KS 66603
(785)273-9661
(785)273-9441 facsimile
kip@drckansas.org
ATTORNEY FOR PLAINTIFF

### DESIGNATION OF TRIAL AND REQUEST FOR JURY TRIAL

COMES NOW, Plaintiff Bostwick by and through her counsel of record and hereby requests a trial by jury and designates Kansas City, Kansas as the location for trial of this matter.

BY: /s/R. Kip Elliot
R. Kip Elliot KS#17663